UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY S. MINNIEWEATHER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 18-cv-2132-JES |

## ORDER AND OPINION

Now before the Court is Petitioner Minnieweather's Motion (Doc. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The United States has filed a Response (Doc. 7), to which Petitioner has filed a Reply (Doc. 11). On July 30, 2018, the Court entered an Order (Doc. 12) appointing counsel for Petitioner and setting this matter for an evidentiary hearing. On November 5, 2018, an evidentiary hearing was held, and this matter is now ripe for disposition. For the reasons set forth below, Petitioner's § 2255 Motion (Doc. 1) is DENIED and the Court declines to issue a Certificate of Appealability.

### BACKGROUND[1]

A federal grand jury returned an Indictment on August 6, 2015 charging Jerry Minnieweather with four counts of distribution of a controlled substance. Counts 1, 2, and 4 alleged that Minnieweather possessed cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count 3 alleged that Minnieweather possessed 28 grams or more of cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and

---

[1] Citations to documents filed in this case are styled as "Doc. __." Citations to the record in the underlying criminal case, *United States v. Minnieweather*, No. 15-cr-20043-CSB-EIL (C.D. Ill.), are styled as "R.__."

1

(b)(1)(B). R. 9. Thereafter, the United States filed a Notice of Prior Convictions informing the Court that Minnieweather had two prior drug trafficking convictions in Champaign County, Illinois, which the United States intended to rely upon in the event of a conviction as a basis for an increased sentence. R. 23.

Following the appointment and withdrawal of two court-appointed attorneys, the Court appointed CJA panel attorney Baku Patel to represent Minnieweather. Minnieweather subsequently entered a guilty plea to all four Counts of the Indictment (R. 25), which the Court accepted on February 1, 2017. R. 29. Thereafter, the probation officer prepared a Presentence Report ("PSR"). R. 32. In the PSR, the probation officer determined that Minnieweather qualified as a Career Offender and determined that with a total offense level of 34 and a criminal history category of VI, his advisory guideline range was 262 to 327 months of imprisonment. *Id*. at ¶¶ 37, 79. Minnieweather's counsel did not file any objections to the PSR. *Id*. at 22. On May 15, 2017, the Court sentenced Minnieweather to 180 months of imprisonment, representing an 82-month downward variance from the bottom of the advisory guideline range. R. 41. A written Judgment (R. 41) was entered on May 19, 2017, and Minnieweather did not file a notice of appeal; thus, his conviction became final on June 2, 2017.

On May 14, 2018, Minnieweather filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1. Therein, he argues that his trial counsel, Baku Patel, provided ineffective assistance by failing to file a notice of appeal upon Minnieweather's request. Specifically, Minnieweather represents that:

> At sentencing the Petitioner Mr. Minnieweather advised counsel Mr. Baku N. Patel that he wanted to file an appeal to attack his sentence as guaranteed by the Sixth Amendment. Counsel advised Petitioner he would file an appeal but failed to do so. Petitioner had family member[s] call counsel, and Petitioner himself called counsel's law office—yet counsel's secretary answered the phone to pass the message. Petitioner then wrote counsel a letter to advise him to file a direct appeal,

2

which was sent certified legal mail. See attached letter and certified slip. Counsel did not at no time consult with me (Petitioner) that he (Mr. Patel) would not file a direct appeal. This violated my right to effective assistance of counsel, as guaranteed by the Sixth Amendment. See *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

Doc. 1, at 4. Minnieweather asks the Court to grant his Motion and restore his right to file a direct appeal. *Id*. at 5. Minnieweather also filed a sworn Declaration wherein he asserts that at the conclusion of the sentencing hearing he directed Mr. Patel to file a notice of appeal, and Patel informed him "that he would file the notice of appeal and get back with [Minnieweather] once it was done." Doc. 5, at 1. Minnieweather again asserts that he waited for Patel to update him on the filing of the notice but he did not return any of his calls. *Id*. Minnieweather also had family members call Patel to no avail, and Patel failed to respond to a letter. *Id*.

In its Response to Minnieweather's § 2255 Motion, the United States argues that Minnieweather's Declaration in support of his ineffective assistance claim is insufficient to warrant an evidentiary hearing because it contains "merely unsupported assertions." Doc. 7, at 3. In support, the United States attached as an exhibit to its Response Baku Patel's affidavit. Doc. 7-1. In his affidavit, Patel asserts that:

> After the Defendant entered a change of plea to Guilty, I filed a detailed Sentencing Memorandum to argue against a Career Offender guideline sentence based on over-representation of his criminal history. If the court sentenced him as a Career Offender, the range would be 262-327 months. The Defendant faced a mandatory minimum 120-month sentence. I filed a Memorandum and argued that his priors over-represent his criminal history and requested the Court not sentence him as a Career Offender. Federal District Court Judge Colin Bruce gave a downward departure to 180 months. My recollection after the hearing was that he was satisfied that we achieved the objective of successfully obtaining a sentence below the Career Offender guideline range, particularly since it was a thirty percent (30%) departure.
>
> I do not recall at any time within the 14-days after sentencing the Defendant express to me a desire to file a Notice of Appeal on his behalf. Our office did not receive the letter referencing a notice of appeal which he attached to his motion until

3

September 5, 2017 (per USPS tracking). This was 113 days after his sentence. He never asked me to file one within 14-days of his sentence.

Doc. 7-1, at 1.

In an exhibit attached to his Reply, Minnieweather included affidavits from family members Bonnie Leshoure, Reawana Williams, and Stacie Williams. Therein, the family members represent that Patel met with them immediately after the sentencing hearing and told them that Minnieweather wanted to appeal his case, but that he did not think he should appeal. Doc. 11-1. On July 30, 2018, the Court entered an Order appointing counsel for Petitioner and setting this matter for an evidentiary hearing. Doc. 12. Specifically, the Court found that "[w]hile Petitioner's Declaration and the affidavits of his family members conflict with Patel's affidavit, they adequately support the Petitioner's claim that Patel failed to appeal despite Petitioner's timely request." Doc. 12, at 3. Thus, "[d]ue to the demonstrated conflict between Petitioner's and the government's version of events, an evidentiary hearing is required." *Id*. (citing 28 U.S.C. § 2255(b), *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002)).

CJA attorney Harvey Welch was appointed to represent Minnieweather at the November 5, 2018 evidentiary hearing. During the hearing, counsel for Petitioner called Bonnie Leshoure, Reawana Williams, and Minnieweather to testify. Respondent called Baku Patel. Leshoure testified that she was standing next to her family after the sentencing hearing and asked Patel why he did not ask for an appeal. Patel responded that "he didn't need one." On cross, Leshoure further testified that Minnieweather told her he wanted an appeal on the phone prior to the sentencing hearing.

Reawana Williams testified that she was present at the sentencing hearing with family and they spoke with Patel outside the courthouse after the sentencing hearing. Patel said he thought the case went well, and although Minnieweather had mentioned wanting to appeal, he

didn't think it was a good idea or didn't think it was necessary at the time. Minnieweather testified that he wanted to appeal after looking at the final PSR. He testified that Patel stated he would file the appeal and "get back with me." Minnieweather's principal issues with the sentence were the career offender designation and the age of his prior convictions. He wanted to appeal once he saw the time he was facing on the PSR. On cross, Minnieweather stated that he never had a conversation with Patel about the career offender designation and was not aware that Patel filed a memorandum with commentaries on the career offender guideline until the day of sentencing. He stated that he did not expect the sentence and did not know what sentence he was going to receive. He told Patel he would like to appeal right after the Court advised him of his appeal rights, but Patel said "we have not got that far yet."

Patel testified that Minnieweather's concern with his two prior attorneys related to their conclusions regarding his guideline range and career offender status, but his conclusions were identical. Thus, Patel's strategy was to argue that Minnieweather should not be sentenced as a career offender because the age of prior convictions overstated his criminality. Patel stated that he discussed the sentencing memorandum with Minnieweather and his impression after the sentencing hearing was that Minnieweather was pleased with the outcome. Patel testified that Minnieweather did not ask him to file a notice of appeal after sentencing or within 14 days thereafter, and that he could have filed the notice of appeal in open court if he had been asked to do so. On cross, Patel stated that he did not recall what action he took after receiving Minnieweather's letter. His recollection of the meeting with Minnieweather's family after the sentencing hearing was that they were also quite pleased that he had received a sentence less than what they had anticipated going into the hearing. This Order follows.

## LEGAL STANDARD

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

Criminal defendants are guaranteed the right to effective assistance of counsel under the Sixth Amendment. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). The seminal case on ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court stated that in order for a prisoner to demonstrate that counsel's performance did not

meet the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88; *Wyatt v. United States*, 574 F.3d 455, 458-59 (7th Cir. 2009). "When a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel." *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010) (citing *Kafo v. United States*, 467 F.3d 1063, 1069 (7th Cir. 2006)). In order to prevail on an ineffective assistance claim of this nature, "a defendant must show that he actually requested his attorney file an appeal." *Grant*, 627 F.3d at 681 (citing *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994)).

## DISCUSSION

The Court heard conflicting testimony at the evidentiary hearing. Bonnie Leshoure's testimony that Minnieweather told her over the telephone he was planning to appeal prior to the sentencing hearing is consistent with what appears to be Minnieweather's continued dissatisfaction with the career offender enhancement and the effect it had on his guidelines range. However, after Patel advocated for a departure below the applicable guideline range on the basis that his prior offenses overstated his criminality, the Court sentenced Minnieweather to 180 months of imprisonment, representing an 82-month downward variance from the bottom of the advisory guideline range. R. 40, 41. Thus, Leshoure's recollection that Patel said "he didn't need one (an appeal)" is also consistent with Patel's testimony that Minnieweather was concerned with the effect the career offender designation would have on his guidelines range, and that once he received a sentence 82 months below the bottom of the guideline range, he was pleased with the outcome and thus did not desire to appeal.

Reawana Williams' testimony was largely consistent with Leshoure's testimony. Williams' recollection was that Patel advised her that he thought the case had went well, and

7

although Minnieweather had mentioned wanting to appeal, he did not think it was a good idea or did not think it was necessary at the time. Williams' and Leshoure's testimony and their credibility must be considered in light of their close familial relationship and potential bias in favor of Minnieweather.

Minnieweather's testimony was less than credible. After being actively involved in his case throughout its pendency, Minnieweather now claims that after asking his attorney to file a notice of appeal, he waited months before writing Patel and almost a year before informing the Court. On the other hand, Patel's testimony was credible. Patel's testimony regarding his sentencing strategy was consistent with his sentencing memorandum and the below-guidelines sentence the Court ultimately imposed. Patel's sentencing strategy was also consistent with Minnieweather's concerns about the career offender designation and the effect it would have on his guideline range. Patel's testimony that Minnieweather appeared pleased with the outcome of the sentencing hearing is also consistent with the fact that the Court departed significantly from the bottom of the guideline range when it imposed the 180-month sentence. Finally, Patel had no reason not to appeal, and could have filed the notice of appeal at the sentencing hearing if Minnieweather had indeed asked him to do so. The Court therefore finds Minnieweather and his supporting witnesses less credible than Patel, and further finds that Minnieweather has not met his burden of establishing that he actually instructed Patel to file a notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) ("Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."). Therefore, Petitioner's Motion is denied.

## CERTIFICATE OF APPEALABILITY

Where a federal court enters a final order adverse to the petitioner, "the district court must issue or deny a certificate of appealability." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. To obtain a certificate, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). After conducting an evidentiary hearing on the issue, the Court is convinced that Minnieweather did not ask attorney Patel to file a notice of appeal until months after the 14-day period for doing so elapsed. The Court therefore finds that Minnieweather has failed to make a substantial showing of the denial of a constitutional right and declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's § 2255 Motion (Doc. 1) is DENIED and the Court declines to issue a Certificate of Appealability.

This matter is now terminated.

Signed on this 6th day of November, 2018.

s/ James E. Shadid  
James E. Shadid  
Chief United States District Judge